IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM E. MURRAY, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 24-568-CFC |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM

Petitioner William E. Murray is currently in custody at the Howard R. Young Correctional Facility in Wilmington, Delaware. In the 1980's, Petitioner was convicted of attempted first degree murder and possession of a deadly weapon during the commission of a felony. *See State v. Murray*, 1990 WL 81963, at *1 (Del. Super. Ct. June 13, 1990). The Superior Court sentenced Petitioner to life in prison, and the Delaware Supreme Court affirmed his convictions and sentence on February 6, 1987. *See id.* In 1990, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See Murray v. Neal*, 90-617-SLR, at D.I. 2) The Honorable Sue L Robinson denied the petition in 1992, and the Third Circuit denied Petitioner's appeal from that decision. (*See id.* at D.I. 18; D.I. 20; D.I. 21)

Presently pending before the Court is Petitioner's handwritten document that was docketed as petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254

("Petition"). (D.I. 1) The Petition does not contain any grounds challenging the legality of Petitioner's conviction or sentence. Instead, Petitioner asserts that he has been in prison for 40 years and he wants to go home.

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rule 2(c) of the Rules Governing Section 2254 Cases provides that the petition must "specify all the grounds for relief" and "state the facts supporting each ground." Rule 2(c)(1), (2), 28 U.S.C. foll. § 2254. A district court has the authority to summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254; see McFarland v. Scott, 512 U.S. 849, 856 (1994).

As presented, Petitioner's request to go home does not constitute an issue cognizable on federal habeas review. Accordingly, the Court will summarily dismiss the instant Petition for lack of jurisdiction.

A separate Order will be entered.

Dated: November 25, 2024

_____
Colm F. Connolly
Chief Judge